UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BARRY B. HAMILTON,           )
                             )
            Plaintiff,       )
      vs.                    )        1:04-cv-1867-SEB-VSS
                             )
STEPHEN SHARP,               )
                             )
            Defendant.       )

**Entry Discussing Motion for Summary Judgment**

The court, having considered the pleadings, the defendant's motion for summary judgment and the opposition thereto, together with the evidentiary record relating to such motion, and being duly advised, finds that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment must be **granted** because plaintiff Barry B. Hamilton was not subjected to conditions amounting to punishment while confined in the Monroe County Jail on October 6 and 7, 2004, despite the fact that during periods of time on these days the water to the cellblock to which he was assigned was turned off (because of the misconduct of other inmates). *Rapier v. Harris,* 172 F.3d 999, 1006 (7th Cir. 1999) ("to violate a pretrial detainee's due process rights, prison officials would have to intend for him to die or to suffer grievously, or they would have to act indifferently to a known risk that he would die or suffer grievously") (citing cases). As explained by the Court of Appeals,

> the mere fact that pretrial detention interferes with a person's desire to live comfortably and free from restraint does not, without more, make the conditions of that confinement unconstitutional. Rather, conditions of confinement which are "reasonably related to a legitimate and non-punitive government goal," are not unconstitutional, and we caution that this court will give a high degree of deference to the discretion of prison administration to adopt policies and practices to maintain the safety and security of this country's penitentiaries.

*Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005) (internal citations and quotations omitted). The court adds that the incomplete discovery of which the plaintiff complains is not such as would, even if properly submitted under Rule 56(f) of the *Federal Rules of Civil Procedure*, warrant further delay in the resolution of the defendant's motion, because he has not shown how the information to which he refers could be reasonably expected to raise a genuine issue of material fact.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/31/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana